Coffin, S.
By the will the executors were directed to invest on bond and mortgage the residue, being the greater-part of the estate, and to pay to the widow the net increase and income arising therefrom, semi-annually, during her natural life, for her use and support, and at her death it was directed to be divided into five shares, one of which testator gave to his grandson, Hull, and in case of his death •before that of the widow, to his issue. It was held by this court in the same matter (5 Dem., 581), that the legacy vested in Hull at the death of the testator, and that the judgment the executors had obtained against him was a legitimate subject of set-off against the share so bequeathed to him, and now belonging to his issue. There is interest which has accrued upon the judgment, and the question is whether it belongs wholly to Mr. Barry’s estate, or should be apportioned between the personal representatives of Mrs. Barry and of the testator.
It is contended that, as Hull was insolvent and paid no interest upon the sum in question, there was no income derived from it, and that, therefore, it being realized since her death, it must be considered as a part of testator’s *788 residuary estate, and be distributed as a part of the five shares mentioned in the will. This position does not seem to be tenable. The widow was given the whole of the income of the estate, and this indebtedness was a part of that estate. It is true the interest was not collected in her lifetime, but it was then accruing. It is very much as if the executors had made an investment of $2,000 on bond and mortgage, pursuant to the directions of the will, two years and three months before the death of the widow, on which they were paid no interest before that event, but collected it afterwards. In such a case there would be an apportionment. Her personal representatives would be entitled to the interest that had accrued at the time of her death, and the residue would belong to the administrator, with the will annexed. 1 Story’s Comm, on Eq., 488, § 480 : 2 Redf. on Wills, 475.
In Wilson v. Harman (2 Vesey Sen., 612), the court said that interest is supposed to grow due from day to day, and that the person entitled to it, is entitled to the last hour of the day. In Hay v. Palmer (2 P. Wms., 501), where a yearly sum, payable half-yearly, was to be raised out of rents and profits, by sale, mortgage or lease, etc., for support of a daughter until she became eighteen years of age, and she became of that age before the expiration of the half-year, it was held that she was entitled to the income up to the arrival at that age. Here, the net increase and income was given to the widow, for her use and support during life. This is equivalent to giving her the the net interest, for the purpose indicated. It is supposed to have grown due from day to day, upon the judgment, and, although not paid, she was entitled to it by the terms of the will. Had the judgment been against some stranger to the estate, and the amount, with interest, been collected since her death, there can be no doubt but that the accrued interest up to that time would have belonged to her representative. The fact that it was against a legatee can, of course, make no difference. Nor can it make any difference that the interest' in question has accrued upon a judgment. The executors were directed to convert and invest on bond and mortgage. The original indebtedness was a promissory note, drawing interest. They endeavored to convert it into money, that they might obey the direction to invest. By obtaining the judgment they merely changed the form of indebtedness. It still remained a part of testator’s estate, to the “ increase” of which the widow was entitled.
Decree accordingly.